## S96A0684. LATTIMORE v. THE STATE.
(470 SE2d 673)

HUNSTEIN, Justice.

Kitwana Lattimore, a/k/a Kojack, was indicted jointly with Steven Earls on charges of murder and criminal attempt to commit armed robbery. Prior to the present trial, Lattimore has been tried three times for these crimes, with two such trials ending in mistrials, and the third ending in a conviction which was subsequently overturned by this Court in *Lattimore v. State*, 265 Ga. 102 (454 SE2d 474) (1995). The jury in this trial found Lattimore guilty of the charged crimes. He appeals from the denial of his motion for a new trial.[1] Because the evidence supports the verdict and the trial court did not err in its charge to the jury, we affirm.

1. Harold Phillip Haggard was shot during a robbery attempt and died shortly thereafter. Earls, who is serving a life sentence for these crimes, testified at trial that he and Lattimore planned and committed the attempted armed robbery together. Other evidence adduced at trial corroborated Earls' testimony.[2] Earls also testified that Lattimore was the one who carried and used the pistol. Although Lattimore initially told the police that he was not present at the scene, he testified at trial that he was with Earls but asserted he did not know that Earls was planning to rob Haggard and was surprised when the shooting occurred.

The evidence was sufficient to authorize the jury to find Lattimore guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lattimore contends the trial court erred in its charge to the jury on "persons concerned in the commission of a crime."[3] Our re-

---

[1] The crimes occurred on October 30, 1992. Lattimore was indicted by the Clarke County grand jury in its October 1992 term. He was found guilty on June 26, 1995, and was sentenced that day to life imprisonment for murder and a concurrent term of ten years for the criminal attempt to commit armed robbery. His motion for new trial was filed on July 17, 1995 and denied on November 21, 1995. A notice of appeal was filed on December 19, 1995 and the case was docketed in this Court on January 18, 1996. This appeal was submitted for decision without oral argument.

[2] The other evidence adduced at this trial was substantially similar to that presented at Lattimore's third trial and is set forth in more detail in *Lattimore*, supra at (1).

[3] The trial court charged the jury as follows:

I charge you that if you find that the State has shown beyond a reasonable doubt that two or more persons formed a common intent and purpose to go to the place of business of another and commit an armed robbery and if in the furtherance of such common intent and purpose to commit an armed robbery, such persons went to the place of business of the person where it is contemplated that the armed robbery would be committed, and if in pursuance of such common intent and purpose to commit an armed robbery one of those persons present intentionally aiding and abetting in such effort to commit an armed robbery and acting with unlawful intention to kill, that is with malice, shot and killed the person sought to be robbed, then in that event you, the jury, would be permitted to find the act of the one shooting

view of the charge reveals that the trial court's instruction comported in every regard with our holding in *Lattimore*, supra at (3). We find no merit in this enumeration.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 28, 1996.

*Adrienne R. McFall*, for appellant.

*Harry N. Gordon, District Attorney, Michael J. Bowers, Attorney General, Christopher S. Brasher, Assistant Attorney General*, for appellee.

---

and killing the other is attributable to and considered as the act of all present intentionally aiding and abetting in the effort to commit armed robbery, and you would be authorized to find each equally guilty of murder under the law. Whether or not such events occurred or were proven in this case is a matter for you, the jury, to determine.