A97A0214. McSEARS v. THE STATE.
(485 SE2d 589)

BEASLEY, Judge.

Following denial of his motion for new trial, McSears appeals his conviction of aggravated assault. OCGA § 16-5-21 (a) (2).

1. He first enumerates as error the admission into evidence of photographs of the victim taken by a law enforcement officer shortly after the assault.

Prior to arraignment, McSears filed a *Brady* motion in which he sought any and all tangible objects intended to be introduced into evidence by the State. He also filed a motion for discovery under the

Criminal Procedure Discovery Act. OCGA § 17-16-1 et seq. Pursuant to OCGA § 17-16-4 (a) (3), he requested the State to permit him to "inspect and copy" photographs in its possession. Under OCGA § 17-16-1 (1), an item within the possession, custody, or control of a law enforcement agency involved in the investigation of the case being prosecuted is within the possession, custody, or control of the state or prosecution. At arraignment, the prosecuting attorney served defense counsel with a written certificate stating that he had examined the documents in the district attorney's office, had served copies of all non-work documents on defense counsel, and had made the case file available to defense counsel for comparison (except for work-product and privileged material). He further certified that the office had no physical evidence in its possession but that any and all physical evidence associated with the case was available for examination upon defense counsel's making proper arrangements with the evidence custodian. Counsel did not contact the prosecuting attorney or the evidence custodian to do so.

Following jury selection on the afternoon the case was called for trial, defendant objected to the admission of any photographic evidence on the ground the State had not complied with its obligation to "furnish[]" copies. The trial court ruled that the State had fulfilled its obligations under the criminal discovery statute and defendant's motion for discovery, by making the photographs available to the defense to inspect and copy. Defendant was given an opportunity to view the photographs before the next day's commencement of the presentation of evidence.

The court did not err in overruling McSears' objection. OCGA § 17-16-4 (a) (3) does require the prosecuting attorney to "permit the defendant . . . to inspect and copy or photograph" certain items including photographs which are within the possession, custody, or control of the State or prosecution. In keeping with this straightforward statutory duty placed on the State and authorization given to defendant, defendant requested the State to "permit [him] to inspect and copy" such items. The plain language of the statute does not require the State to take the initiative and "furnish" the defense with copies of photographs. See also *Lawson v. State*, 224 Ga. App. 645, 646 (3) (481 SE2d 856) (1997).

There is no merit in the argument that defense counsel was misled by statements in the certificate that there was no tangible evidence in this case. The certificate could not reasonably be interpreted as containing such a representation. It directly stated that any and all physical evidence was available for examination upon counsel's making proper arrangements with the evidence custodian. Defendant does not argue that counsel was unable to make such arrangements. We thus conclude that the State complied with its obligation

to make the photographs available to the defendant for inspection and copying or photographing, whatever he chose.

Nor was the State required to give defendant copies of the photographs pursuant to his *Brady* motion. *Brady* only applies to exculpatory material. *Jenkins v. State*, 215 Ga. App. 540, 543 (3) (451 SE2d 457) (1994).

2. McSears next enumerates as error the admission in evidence of his statement to the investigating officer.

The officer testified that he first informed McSears he wanted to talk to him about a case other than this one, and that McSears agreed to do so but stated he wanted to talk about this case as well. McSears first discussed the other case and then this one. Regarding it, he admitted he had hit the victim and stabbed her with a knife after discovering she had been involved with his friend. He was read his *Miranda* rights and signed a waiver of those rights at the beginning of the interview.

McSears argues that since his *Miranda* rights were not repeated before he gave the statement concerning this case, such statement should have been excluded. This issue was decided adversely to him in *Heard v. State*, 165 Ga. App. 252 (1) (300 SE2d 213) (1983), and *Gardner v. State*, 172 Ga. App. 677, 679 (5) (324 SE2d 535) (1984). As in those instances, the evidence authorized the trial court to conclude that the advice at the beginning of the continuous interview sufficed for the duration of the interrogation even though the subject was two separate crimes.

3. The final challenge is to the sufficiency of the evidence.

The victim testified that McSears hit her with his fists, cut her hair with a butcher knife and scissors, and stabbed her arm twice after learning she had gone out with his best friend. Although the photographs taken of her after the assault show she was covered in blood, it was her opinion that McSears had not intended to hurt her. McSears testified likewise, stating that he was only trying to scare her.

"A person commits the offense of simple assault when he . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2). "A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon. . . ." OCGA § 16-5-21 (a) (2). McSears acknowledged during cross-examination that he intentionally swung the knife at the victim so as to place her in reasonable apprehension of receiving a serious bodily injury. The evidence was sufficient to authorize a rational trier of fact to conclude that McSears was guilty beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED APRIL 4, 1997.

 Before Judge Hill.

*Bruce & Hentz, Kenneth D. Bruce,* for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Michael J. Moeller, John P. Webb, Assistant District Attorneys,* for appellee.