A98A2125. JACKSON et al. v. THE STATE.
(511 SE2d 615)

BLACKBURN, Judge.

Richard Jackson and Calvin Marshall appeal their convictions of aggravated assault and interference with government property following a jury trial. Jackson and Marshall contend that the trial court erred in failing to grant the motion for directed verdict and that the verdict is contrary to the evidence and against the weight of the evidence. For the reasons set forth below, we affirm.

"The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Punctuation omitted.) *Wilson v. State*, 233 Ga. App. 327, 328 (1) (503 SE2d 924) (1998). Additionally, "[o]n appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict,

and the appellant[s] . . . no longer enjoy[ ], the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Punctuation omitted.) *Shabazz v. State,* 229 Ga. App. 465 (1) (494 SE2d 257) (1997). Since the same standard of review applies to all the enumerations of error, we will consider the enumerations together.

Viewed in this light, the evidence shows on August 8, 1996, Calvin Marshall became upset about arrests being made in an area of the City of Cochran known as the Hill and began repeatedly threatening to "do something about the police." Between 11:30 p.m. and midnight, appellants Marshall and Jackson, Taurius Pitts and two friends drove in Marshall's brown Cadillac to Cochran Bait & Tackle. Jackson and Pitts went into the shop where Jackson purchased a box of No. 3 shotgun shells and Pitts shoplifted a box of 9 millimeter bullets.

Around midnight that evening, Chief of Police Robert Schmitz, Investigator Jon Thrower and Mayor George Porter drove to the Hill. They heard gunfire as the car neared the intersection of Sixth and Thompson Streets. Investigator Thrower got out of the car and approached the intersection on foot hoping to see who was doing the shooting. As Chief Schmitz turned the car onto Thompson Street, Pitts and Jackson began shooting at the car. The car was disabled after being hit several times by rounds from a 9 millimeter pistol and a 20-gauge shotgun.

One eyewitness, Eric Anderson, identified both Richard Jackson and Calvin Marshall as the shooters. A second eyewitness, Brock Johnson, testified at trial that he saw appellants Marshall and Jackson near the intersection and that he heard Jackson say that he was tired of the police "messing with them" and that he was going to do something about it. Johnson also testified that he saw Jackson and Marshall with the shotgun and that he saw Jackson fire the shotgun.

Taurius Pitts, who admitted firing the pistol at the car and pled guilty to the offenses, gave a statement to Agent Chatman of the Georgia Bureau of Investigation which was admitted at trial in which he stated that Jackson fired the shotgun. Pitts later gave conflicting testimony, stating that he, not Jackson, fired the shotgun.

Additionally, appellant Marshall gave a statement to Agent Chatman which was admitted at trial. Marshall stated that he was

tired of the police coming to the neighborhood. He admitted going to Cochran Bait & Tackle with Jackson. He admitted getting the shotgun with Jackson. He stated that he and Jackson went to Sixth and Thompson Streets and that Jackson fired at the car. Marshall later recanted his statement.

We find that the evidence was sufficient to go to a jury and to authorize the jury's finding that Marshall and Jackson were guilty, beyond a reasonable doubt, of aggravated assault and interference with government property. *Jackson v. Virginia*, supra.

Appellant Marshall nevertheless erroneously contends that the State failed to show criminal intent, arguing that the evidence shows only that he was at the scene. Although "[p]resence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that defendant is a party[,] . . . criminal intent may be found by the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citations and punctuation omitted.) *Norris v. State*, 220 Ga. App. 87, 89 (2) (469 SE2d 214) (1996). The evidence here was sufficient to support the jury's finding of criminal intent.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 5, 1999.

*Straughan & Straughan, William T. Straughan*, for appellants.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.