S99A0174. FELDER v. THE STATE.
S99A0176. COLEY v. THE STATE.
(514 SE2d 416)

CARLEY, Justice.

The grand jury indicted Lorenzo Felder and Graylin Coley, along with four others, for the felony murder of a convenience store operator while in the commission of an armed robbery. Felder, Coley and Terry McKenzie were tried jointly before a jury. According to the evi-

dence presented by the State, a young patron leaving the store observed a suspicious group of men lurking nearby. Some wore ski masks, and one had a gun. The police were called but, before their arrival only a short time later, the store operator was shot in the course of a robbery, which netted the thieves only four packs of cigarettes. A description of the suspects was broadcast. Police officers found Felder and Coley in the immediate vicinity and took them into custody. In a one-on-one show-up at the scene, the young man who had called the police identified them as two of the members of the suspicious group he had seen near the store shortly before the murder. Coley admitted that the gun belonged to him, and that he provided the weapon for use in the robbery. One of the others charged with the murder pled guilty and, in his testimony for the State, he implicated Felder and Coley in the crime. Although neither Felder nor Coley entered the store or fired the gun, they acted as lookouts. After the shooting and the theft of the cigarettes, they joined the others in fleeing the scene. Their shoes matched shoe prints found nearby. The jury found both Felder and Coley guilty. After entering judgments of conviction on the guilty verdicts, the trial court imposed sentences of life imprisonment. Felder and Coley filed separate notices of appeal, and their cases have been consolidated for appellate disposition.[1]

## Case Number S99A0174

1. The evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Felder's guilt as a party to the felony murder of the victim while in the commission of an armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lattimore v. State*, 266 Ga. 737 (1) (470 SE2d 673) (1996); *Tanksley v. State*, 226 Ga. App. 505 (487 SE2d 98) (1997); *Ellis v. State*, 211 Ga. App. 605, 607 (1) (440 SE2d 235) (1994).

2. The indictment alleged that the armed robbery was committed when the gun was used to take the cigarettes from the person of the victim. Felder moved for a directed verdict of acquittal, asserting that, because the evidence showed only that the cigarettes had been taken from the victim's immediate presence, rather than from the

---

[1] The homicide occurred on March 12, 1997, and the grand jury returned its indictment on May 12, 1997. The jury returned its guilty verdicts on March 5, 1998, and, on that same date, the trial court entered the judgments of conviction and imposed the life sentences. Felder filed his motion for new trial on March 16, 1998, and Coley filed his motion for new trial on March 20, 1998. The trial court denied both motions on September 8, 1998. Coley filed his notice of appeal on September 17, 1998, and Felder filed his notice of appeal on September 18, 1998. The two cases were docketed in this Court on October 26, 1998. Both appeals were submitted for decision on December 21, 1998.

victim's actual person, the State failed to make a sufficient showing of guilt of the armed robbery as charged in the indictment. The denial of this motion is enumerated as error.

OCGA § 16-8-41 (a) provides, in relevant part, that armed robbery is committed by the taking of "property of another from the person or the immediate presence of another. . . ." Although the victim's "person" and his "immediate presence" are separated by the word "or," the former has always been deemed to include the latter for purposes of proving the elements of a robbery.

> " 'The meaning of this legal phrase is, not that the taking must necessarily be from the actual contact of the body, but if it is from under the personal protection that will suffice. Within this doctrine, the person may be deemed to protect all things belonging to the individual, within a distance, not easily defined, over which the influence of the personal presence extends.' "

*Welch v. State*, 235 Ga. 243, 246 (1) (219 SE2d 151) (1975). In cases of this type, all of the victim's property

> "is, in contemplation of law, upon the person of the owner, which is, at the time of taking, in the immediate presence of the owner, or is so near at hand, or stored in such position, that, at the time of taking, it is under the immediate personal protection of the owner. If the goods are in that condition, then they are, within the contemplation of the law, upon the person of the owner."

*Clements v. State*, 84 Ga. 660, 662-663 (1) (11 SE 505) (1890). The word "or" "is sometimes used to introduce a reiteration of the same idea, and to express it in a somewhat different way." *Whitaker v. State*, 11 Ga. App. 208, 211 (5) (75 SE 258) (1912). As the Committee Notes regarding the crime of robbery indicate, "or" is employed in OCGA § 16-8-41 in just this sense, specifically incorporating into the statutory definition of robbery the principle that the victim's "person" includes the entire area within his "immediate presence." Because they are mutually inclusive, rather than exclusive, concepts, there is no fatal variance between an indictment which charges that property was taken from the victim's person, and proof which shows that the taking was from the victim's immediate presence. See *Welch v. State*, supra at 245 (1). Here, the evidence is sufficient to show that the cigarettes were taken from the person of the victim as alleged in the indictment, because, at the time of their removal, they were within his immediate presence. Therefore, the trial court correctly denied Felder's motion for a directed verdict of acquittal.

3. Consistent with its ruling on the motion for a directed verdict, the trial court refused to allow Felder to argue that the jury should acquit him because of the State's purported failure to prove the allegation that the cigarettes had been taken from the person of the victim. Felder urges that this constituted an erroneous curtailment of the right to argue his case.

In this state, it is permissible to refer to the applicable law in closing argument. *Minter v. State*, 266 Ga. 73, 74 (2) (463 SE2d 119) (1995). However, the argument that Felder wished to present was an erroneous principle of law, since, as discussed in Division 2, there was no fatal variance between the allegata and probata. Thus, the trial court did not err by precluding Felder from making such argument. *Abrams v. State*, 229 Ga. App. 152, 153 (2) (493 SE2d 561) (1997).

### Case Number S99A0176

4. The evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Coley's guilt as a party to the felony murder of the victim while in the commission of an armed robbery. *Jackson v. Virginia*, supra.

5. Because the State was not seeking the death penalty, Coley's motion to sever his case for a separate trial was a matter which lay within the trial court's discretion. *Mapp v. State*, 258 Ga. 273, 274 (3) (368 SE2d 511) (1988). To show that the trial court abused its discretion in denying the severance motion, Felder must demonstrate that the joint trial was prejudicial and a denial of due process. *Owen v. State*, 266 Ga. 312, 314 (2) (467 SE2d 325) (1996). The number of defendants at the joint trial was not so great as to create confusion, and Coley's defenses were not antagonistic to Felder's and McKenzie's. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). Moreover, McKenzie actually testified, so only Felder was unavailable as a witness for Coley. Coley did not show that, if the motion had been granted, Felder was more likely to become a witness and give testimony favorable to Coley at a separate trial. Accordingly, the trial court did not abuse its discretion by denying the severance motion.

6. Coley asserts that the trial court should have excluded various items of tangible evidence, including ski masks, articles of clothing and plaster casts of shoe prints, because of the State's failure to comply with the discovery mandate of OCGA § 17-16-4 (a) (3). Although the State did make a timely pre-trial disclosure of the existence of these items, it also appears that defense counsel may have been misled by the State's failure to specify that it intended to introduce the items into evidence. Compare *McSears v. State*, 226 Ga. App. 90, 91 (1) (485 SE2d 589) (1997). However, the transcript reflects that the

trial court gave counsel an opportunity to inspect the items before their introduction into evidence. This is a permissible response to the State's failure to comply with criminal discovery provisions. OCGA § 17-16-6. Moreover, the evidence would be inadmissible only if Coley could show both prejudice and bad faith. OCGA § 17-16-6; *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696) (1996). Because he showed neither, the trial court properly admitted the evidence after allowing his attorney the opportunity to inspect it. See *Aleman v. State*, 224 Ga. App. 391, 393 (2) (480 SE2d 393) (1997); *Bell v. State*, 224 Ga. App. 191, 192 (480 SE2d 241) (1997); *Sledge v. State*, 223 Ga. App. 488, 489 (3) (477 SE2d 898) (1996).

7. When the officer who observed and studied the shoe prints opined that they had been made by someone who was running, Coley moved to strike on the ground that this testimony lacked a foundation and was speculative. The trial court correctly overruled this objection, because the officer's opinion testimony was based upon his own personal observations and training. *Munsford v. State*, 235 Ga. 38, 42 (218 SE2d 792) (1975).

8. Over a hearsay objection, the trial court allowed a police officer to testify that Coley's mother had disposed of the murder weapon by throwing it into the Flint River. Although the officer never specifically indicated that his testimony was based upon hearsay, it is apparent that such was the case, since he was not present when Coley's mother allegedly threw the gun into the river. See *Bryant v. State*, 191 Ga. 686, 687 (3) (13 SE2d 820) (1941). Thus, the trial court should have excluded this testimony unless it was within a hearsay exception.

The State urges that the testimony was admissible under the necessity exception, but it made no such showing at trial. *Rosser v. State*, 211 Ga. App. 402, 403 (1) (439 SE2d 72) (1993), overruled on other grounds, *Livingston v. State*, 268 Ga 205, 209 (1) (486 SE2d 845) (1997). The testimony did not fall within the res gestae exception, since any statement made to the officer regarding disposal of the weapon by a non-participant in the murder obviously occurred in the context of the subsequent criminal investigation rather than during the commission of the crime itself. See *Bryant v. State*, supra. Moreover, a confession by Coley's mother as to her disposal of the murder weapon would not constitute the statement of a co-conspirator which would be admissible against Coley pursuant to OCGA § 24-3-5. *Crowder v. State*, 237 Ga. 141, 152 (227 SE2d 230) (1976). Because the officer's testimony was not within any exception to the hearsay rule, the trial court erred in admitting it.

Although it was inadmissible hearsay, the officer's testimony regarding disposal of the gun by Coley's mother was not the State's only attempt to prove his link with the murder weapon. In his post-

arrest statement, Coley admitted that the gun was his and that he had supplied it for use in the robbery. Thus, Coley's own admission of a direct connection with the gun and the crime was much more inculpatory than the officer's hearsay testimony purporting to show an attenuated connection with the weapon through Coley's mother. The erroneous admission of hearsay is harmless where, as here, legally admissible evidence of the same fact is introduced. *Robinson v. State*, 229 Ga. 14, 16 (1) (189 SE2d 53) (1972). In such a case, the hearsay is cumulative and without material effect on the verdict. *Glass v. State*, 235 Ga. 17, 19 (2) (218 SE2d 776) (1975). Because it is highly probable that the cumulative and immaterial hearsay did not contribute to the guilty verdict against Coley, a reversal of his conviction is not necessary. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

9. In connection with certain hearsay testimony given by an officer, the trial court instructed the jury that the evidentiary purpose was not for "implicating anyone else," but only to explain the officer's "own conduct." Coley urges that this charge was erroneously deficient, because the trial court had been requested to include the specific admonition that the testimony could not be considered for the truth of its assertions. See *Harrell v. State*, 241 Ga. 181, 186 (2) (243 SE2d 890) (1978). Even assuming that the instruction, as given, was inadequate, there was no reversible error as to Coley. The hearsay testimony related solely to the name by which McKenzie was identified to the officer, and the officer's ensuing search for McKenzie under that name. The testimony had no bearing on Coley's guilt. Any error in admitting it would be harmless as to him.

10. A witness' reference to the existence of statements made by "other members" of the group charged with the crimes, without more, did not implicate Coley and, thus, did not violate his right of confrontation. *Langley v. State*, 258 Ga. 251, 252 (1) (368 SE2d 316) (1988).

11. Several of Coley's enumerations of error relate to testimony given by Felder's cellmate regarding a statement made to him by Felder. Because the statement attributed to Felder did not directly implicate Coley, its admission did not violate Coley's Sixth Amendment rights. *Owen v. State*, supra at 314 (4). Since the cellmate was not shown to be acting as an officer of the State when he heard Felder's statement, admissibility of his testimony would not be dependent upon whether he provided the *Miranda* warnings to Felder. *Burgan v. State*, 258 Ga. 512, 515 (5) (371 SE2d 854) (1988); *Baxter v. State*, 254 Ga. 538, 545 (12) (331 SE2d 561) (1985). Coley also moved to strike the cellmate's testimony on direct because, on cross-examination, the witness invoked his privilege against self-incrimination as to an entirely collateral matter. The trial court properly denied the motion. *Smith v. State*, 225 Ga. 328, 333 (7) (168 SE2d 587) (1969).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 8, 1999.

*Noel G. Perry,* for appellant (case no. S99A0174).
*David E. Morgan III,* for appellant (case no. S99A0176).
*John C. Pridgen, District Attorney, Denise D. Fachini, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland,* for appellee.