## A99A1339. FRAZIER v. THE STATE.
### (523 SE2d 614)

PHIPPS, Judge.

Lanorris Frazier was indicted for burglary and convicted of theft by receiving. He appeals, challenging the trial court's denial of his motion for directed verdict on the burglary charge and its instruction to the jury on theft by receiving stolen property as a lesser included offense of burglary.

Around 8:30 p.m. Friday, October 18, 1996, Belinda Rushing left her home for the weekend. About noon the next day, her mother found Rushing's home had been broken into. A Super Nintendo, a Sega Genesis, a Sega Game Gear, video game cartridges, a television, a VCR, a shotgun and case, a cordless phone and a green toy box were taken.

Between 1:00 a.m. and 3:00 a.m. on October 19, Frazier appeared at the house of Charles Jones and Michelle Tillman with the gun, the case, the toy box and items inside the toy box, including a Sega, a Nintendo, some video game cartridges and a phone. Frazier gave Jones the shotgun and the case and left with the remaining items after playing video games with Jones until 5:00 a.m. Dallas Seago, a friend of Frazier, later took the toy box filled with items from Frazier's home. The property given to Jones and that taken from Frazier's home by Seago came from Rushing's home. Only the television was missing.

1.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]

(Punctuation omitted.) *Jackson v. State*, 236 Ga. App. 260 (511 SE2d 615) (1999). The essential elements of Frazier's burglary charge were that he (1) entered the dwelling house of Rushing, (2) without authority, and (3) with intent to commit a felony or theft therein. See OCGA § 16-7-1; *Hambrick v. State*, 174 Ga. App. 444, 446 (1) (330 SE2d 383) (1985). Possession by the defendant of property stolen in a recently committed burglary may alone be sufficient to sustain his conviction for the burglary in the absence of a reasonable or credible explanation. See *Bankston v. State*, 251 Ga. 730-731 (309 SE2d 369) (1983); *Worrell v. State*, 173 Ga. App. 820, 822 (328 SE2d 232) (1985); see also OCGA § 24-4-6. Whether a reasonable explanation exists is a determination for the finder of fact. See *Martin v. State*, 228 Ga. App. 59, 60-61 (1) (491 SE2d 142) (1997). Frazier's recent possession of stolen property was sufficient by itself to deny the motion for directed verdict.

But the evidence against Frazier extended beyond mere possession. Frazier was shown to have possessed virtually all of a large number of items taken in the burglary. Jones testified that the gun Frazier gave him was an expensive type. A jury could infer that Frazier did not acquire the gun legitimately. Tillman testified that Frazier was an avid video game player. A jury could infer that as the reason so much video game equipment was taken.

Frazier asserts that Seago, who testified for the State, provided an alibi for him which entitled him to a directed verdict. We do not glean an alibi from Seago's testimony. The burglary occurred between 8:30 p.m. and 3:00 a.m., and Seago did not account for Frazier's whereabouts during that entire period. Seago and her boyfriend, Michael Levant, went to Frazier's home around 9:30 or 10:00 p.m., Levant and Frazier played video games, Seago went to sleep, and Seago and Levant left Frazier around 12:45 a.m. Even if Seago had provided an alibi for Frazier, it would simply have created a conflict in the evidence, which was a matter for the jury to resolve. See *Jackson*, supra at 261. The court did not err in denying Frazier's motion for directed verdict.

2. Although theft by receiving stolen property is not a lesser

included offense of burglary, we can find no error in the court's instruction to the jury on that offense. See *Johnson v. State*, 164 Ga. App. 7, 9 (4) (296 SE2d 202) (1982). The defense requested the charge, and any error was induced by this request. Frazier cannot complain of a verdict which was brought about by a jury charge which he requested. See *Wright v. State*, 162 Ga. App. 60 (290 SE2d 163) (1982).

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED OCTOBER 18, 1999.

*David C. Walker*, for appellant.

*J. Thomas Durden, Jr., District Attorney, Timothy B. Lumpkin, Assistant District Attorney*, for appellee.