## A01A1334. PARKER v. THE STATE.
### (552 SE2d 919)

BLACKBURN, Chief Judge.

Following a jury trial, Bobby Parker appeals his conviction for theft by taking, contending that the trial court erred by denying his motion for a directed verdict of acquittal. For the reasons set forth below, we affirm the conviction.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . Conflicts in the

testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve.

(Punctuation omitted.) *Jackson v. State.*[1] See also *Jackson v. Virginia.*[2]

Viewing the evidence in this light, the record shows that Commercial Hauling Company employed Parker as a truck driver and provided him with a company credit card to be used only for the purchase of gasoline. Parker often stopped for gas at Cone Oil, where he befriended Misty Evans, one of the cashiers. Evans testified that, with Parker's agreement, she used the Commercial Hauling credit card to obtain cash and cigarettes from the store, while falsely indicating on the credit receipts that gas had been purchased. Parker and Evans shared the misappropriated money and merchandise. In corroboration of Evans' testimony, another driver for Commercial Hauling testified that Parker showed him how to misappropriate money with Evans' help, and another cashier at Cone Oil stated that Parker used the credit card to purchase cigarettes from her.

This evidence amply supports Parker's conviction for theft by taking.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 26, 2001.

*G. Martin Adcock*, for appellant.
*Herbert E. Franklin, Jr., District Attorney*, for appellee.

---

[1] *Jackson v. State*, 236 Ga. App. 260-261 (511 SE2d 615) (1999).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).