A05A2206. MORTON v. THE STATE.
(623 SE2d 239)

BLACKBURN, Presiding Judge.

Following a jury trial and the denial of his motion for new trial, Paul Morton appeals his conviction of burglary, challenging the sufficiency of the evidence and arguing that the trial court erred in charging the jury on alibi despite his objection and in giving the "level of certainty" portion of the jury charge on identification. We hold that the evidence was sufficient to sustain the conviction, that the alibi charge was proper, and that Morton waived his right to appeal the "level of certainty" portion of the identification charge. Accordingly, we affirm.

1. We first address Morton's contention that the evidence was insufficient to support his burglary conviction. OCGA § 16-7-1 (a) provides that a person commits a burglary when he enters the dwelling or building of another, without authority, and with the intent to commit a felony or theft therein. See *Frazier v. State.*[1] Moreover, "the presence of valuables inside the premises can support an inference of intent to steal, particularly when no other motive is apparent." (Punctuation omitted.) *Patterson v. State.*[2] When evaluating the sufficiency of the evidence to support a conviction, we determine whether a rational trier of fact could have found the

---

[7] *Tuff v. State*, 278 Ga. 91, 93 (2), n. 11 (597 SE2d 328) (2004).

[1] *Frazier v. State*, 240 Ga. App. 398, 399 (1) (523 SE2d 614) (1999).

[2] *Patterson v. State*, 274 Ga. App. 341, 343 (2) (618 SE2d 81) (2005).

defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*.[3] "This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." *Escutia v. State*.[4]

So construed, the evidence shows that late one night, an eyewitness living in an apartment located across the street from the Columbus Recycling Center building saw Morton trying to enter the building. The eyewitness yelled at Morton to leave, at which point Morton walked behind the building. A moment later, Morton returned to the front of the building with a crowbar in hand, smashed opened a window, and climbed into a room with vending machines containing money. The eyewitness called the police and, upon their arrival, pointed out that Morton had exited the building but was still standing just behind it. As the police approached, Morton fled but was apprehended in a nearby wooded area. He appeared intoxicated, had scratches on his hands and arms, and was carrying a small pocket tool containing a screwdriver. The police brought Morton back to the recycling center where the eyewitness identified him as the man he saw breaking into the building. An investigation of the building revealed that screws fastening a wire screen in front of the broken window had been removed and that blood was on the broken window as well as on a table inside the building.

Morton contends that the evidence was insufficient to support his conviction because the eyewitness to the crime testified that the perpetrator was wearing khakis when Morton was actually wearing jeans, no DNA evidence was introduced linking him to the blood found in the building, and no fingerprint evidence was introduced. Morton's arguments, however, amount to nothing more than a request that this Court reweigh the evidence already considered by the jury in this matter. We will not entertain such a request. Indeed, "[a]s long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict." *Monroe v. State*.[5] The eyewitness testimony identifying Morton, the scratches on Morton's arms and hands, his carrying of a tool containing a screwdriver, his flight from the police, the presence of valuables in the building, as well as his apprehension near the scene of the crime, constituted sufficient evidence to sustain Morton's burglary conviction. See *Jackson v. Virginia*, supra; *Gibson v. State*.[6]

---

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[4] *Escutia v. State*, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003).

[5] *Monroe v. State*, 273 Ga. App. 14, 15 (1) (614 SE2d 172) (2005).

[6] *Gibson v. State*, 268 Ga. App. 696, 697 (1) (603 SE2d 319) (2004).

2. Morton also contends that the trial court erred in charging the jury on alibi despite his objection and that the charge given improperly shifted the burden of proof onto him. We disagree. While Morton did not specifically present an alibi defense, he testified that he was not at the scene when the burglary was committed and presented a witness whose testimony suggested a similar conclusion. In light of this testimony, the trial court did not err in giving a charge on alibi over Morton's objection. See *Chapel v. State*.[7]

We further disagree with the argument that the specific alibi charge given improperly shifted the burden of proof onto Morton. The charge, taken from the pattern jury instructions,[8] read:

> Ladies and gentlemen, the defendant contends that he was not present at the scene of the alleged offense at the time of its commission. Alibi as a defense involves the impossibility of the defendant's presence at the scene of the alleged offense at the time of its commission. The evidence presented with respect to time and place must be such as reasonably excludes the possibility of the presence of the defendant at the scene of the alleged offense. Presence of the defendant at the scene of the alleged crime is an essential element of the crime set forth in this indictment, and the burden [of proof] rests upon the State to prove such beyond a reasonable doubt.

This charge is nearly identical to the alibi charge at issue in *Chapel*, supra at 157 (7). In *Chapel*, the Supreme Court of Georgia held that although the third sentence of the charge suggested that a burden of proof rests with the defendant, the final sentence clearly instructs that the burden of proof rests completely with the State and therefore was proper. Id. Consequently, we find that the charge given here clearly mandates that the burden of proof remains with the State. The trial court here did not err in giving this charge.

3. Morton additionally contends that the trial court erred in giving the "level of certainty" portion of the jury charge on the reliability of eyewitness identification. He argues that the "level of certainty" portion of this charge contravened the recent holding in *Brodes v. State*.[9] Morton himself, however, requested the very charge containing the "level of certainty" language and is thus estopped from arguing that a charge given in accordance with his own request

---

[7] *Chapel v. State*, 270 Ga. 151, 156-157 (7) (510 SE2d 802) (1998).

[8] Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, Sec. 1.35.40, p. 31 (3d ed. 2003).

[9] *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005).

constitutes reversible error. See *Brown v. State*;[10] *Roulain v. Martin*.[11] Accordingly, we find that Morton waived his right to object to this charge and affirm the trial court's verdict.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED NOVEMBER 17, 2005.

*John R. Mobley II*, for appellant.

*J. Gray Conger, District Attorney, David R. Helmick, Assistant District Attorney*, for appellee.

