A06A0594. HATCHER v. THE STATE.
(627 SE2d 175)

BLACKBURN, Presiding Judge.

Following a jury trial, David William Hatcher was convicted of driving under the influence ("DUI") to the extent that he was a less safe driver[1] and failure to stop at a stop sign.[2] He appeals his DUI conviction, challenging the sufficiency of the evidence and arguing that the trial court erred in failing to charge the jury that an alco-

---

[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 40-6-72 (b).

sensor test cannot be used to establish specific breath alcohol content and that a positive alco-sensor test is not enough evidence to convict. For the reasons set forth below, we find that the evidence was sufficient to sustain the conviction and that Hatcher's claims of jury-instruction error are without merit. Accordingly, we affirm.

1. We first address Hatcher's contention that the evidence was insufficient to support his DUI conviction. When evaluating the sufficiency of the evidence to support a conviction, we determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia.*[3] Moreover, "[t]his Court does not weigh evidence or resolve conflicts in testimony; instead, we review the evidence in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." *Smith v. State.*[4]

So construed, the evidence shows that a retired Georgia State Trooper was traveling on Georgia Highway 11, in Hall County, approaching the stop sign at the intersection with U. S. 129. As he waited for the long line of vehicles ahead of him to move through the three-way stop, he noticed, in his right rear-view mirror, a truck driven by Hatcher approaching at a high rate of speed and traveling on the highway's right shoulder between stopped traffic and the guardrail. Hatcher's truck, still traveling very quickly on the shoulder, passed the retired trooper's vehicle, as well as the other stopped vehicles, and turned right at the stop sign without stopping. The retired trooper immediately called to alert the State Patrol, and a responding state trooper was able to pull over Hatcher's vehicle only a few minutes later.

The responding state trooper and Hatcher both exited their vehicles, and as the state trooper approached Hatcher, he detected the odor of alcohol. The state trooper asked Hatcher if he had consumed any alcohol, and Hatcher responded that he had had "three to four beers." The state trooper also noticed that Hatcher's eyes were bloodshot. Hatcher consented to an alco-sensor test, which was positive for alcohol. In addition, the state trooper administered the horizontal gaze nystagmus and the walk and turn field sobriety tests, both of which indicated that Hatcher was unstable. After a second alco-sensor also indicated the presence of alcohol, Hatcher was arrested for DUI. He was read the Georgia implied consent warning but refused to submit to chemical testing.

OCGA § 40-6-391 (a) (1) provides that it is unlawful for a person to drive or be in actual physical control of any moving vehicle while

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] *Smith v. State*, 269 Ga. App. 17 (1) (602 SE2d 921) (2004).

under the influence of alcohol to the extent that it is less safe for the person to drive. Hatcher contends that the evidence was insufficient to support his conviction, specifically arguing that the state failed to prove that alcohol impaired his ability to drive safely. He also offered explanations for driving on the highway shoulder and for his failure of the field sobriety tests. These arguments and evidence, however, were considered by the jury, and this Court does not reweigh such evidence. Indeed, "[a]s long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict." *Monroe v. State*.[5] Here, the manner in which Hatcher was driving, his bloodshot eyes, his failure of the field sobriety tests, and the state trooper's opinion that he was impaired, sufficed to allow a rational trier of fact to find beyond a reasonable doubt that Hatcher was guilty of driving under the influence to the extent that he was a less safe driver. See *Jackson v. Virginia*, supra; *Byrd v. State*;[6] *Waits v. State*[7] (police officers may offer opinion testimony that the defendant was a less safe driver).

2. Hatcher contends that the court erred in failing to instruct the jury with the specific charges that the "alco-sensor test is in the nature of a field sobriety test and thus cannot be used to establish a person's breath-alcohol content" and, that a "positive alco-sensor result is not enough evidence to convict." We disagree.

"A requested charge must be legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence. If any portion of the request to charge fails in these requirements, denial of the request is proper." (Punctuation, footnote and emphasis omitted.) *Lane v. State*.[8] Hatcher was charged with the offense of driving under the influence to the extent that he was a less safe driver. See OCGA § 40-6-391 (a) (1). He was not charged with per se driving with an alcohol concentration of 0.08 grams or more, and at no point did the State attempt to use the positive alco-sensor results as evidence of his exact breath alcohol content. See OCGA § 40-6-391 (a) (5). Thus, his requested charge that the jury be instructed that the alco-sensor test could not be used to establish breath alcohol content was neither apt nor relevant to any principle involved in this case. The trial court's failure to give such a charge was not error. See *Lane*, supra.

Nor did the trial court err by failing to specifically charge that a positive alco-sensor test is insufficient to support a conviction. "A trial

---

[5] *Monroe v. State*, 273 Ga. App. 14, 15 (1) (614 SE2d 172) (2005).

[6] *Byrd v. State*, 240 Ga. App. 354, 355 (523 SE2d 578) (1999).

[7] *Waits v. State*, 232 Ga. App. 357, 358 (1) (501 SE2d 870) (1998).

[8] *Lane v. State*, 268 Ga. 678, 680 (2) (492 SE2d 230) (1997).

court is not required to instruct the jury in the exact language of a requested charge, and when the principle of law is covered in another charge that is sufficient." *Morrison v. State.*[9] Here, the court gave a full and complete charge on reasonable doubt and the presumption of innocence. The court also charged that the State had to prove that Hatcher was both under the influence of alcohol and less safe to drive before he could be found guilty of violating OCGA § 40-6-391 (a) (1). Even more specifically, the court charged that

> [m]erely showing that the Defendant had been drinking or that there was the smell of alcohol on the Defendant's breath or person without proving the manner of driving or the ability to drive is insufficient to prove the Defendant was guilty of driving under the influence of alcohol.

Thus, the principle that a positive alco-sensor test alone was insufficient to support a conviction was thoroughly covered by the charges actually provided, and the trial court did not err by failing to instruct the jury with the exact charge Hatcher requested. See *Morrison,* supra.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 14, 2006.

*M. Lynn Young,* for appellant.
*Larry A. Baldwin II, Solicitor-General,* for appellee.

---

[9] *Morrison v. State,* 220 Ga. App. 151, 155 (3) (b) (469 SE2d 686) (1996).