A92A1481. HOWARD v. THE STATE.
(426 SE2d 181)

BIRDSONG, Presiding Judge.

John H. Howard, Jr., appeals his convictions of possession of marijuana and of two counts of possession of cocaine with intent to distribute. He contends the trial court erred by denying a motion in limine seeking to exclude evidence of drug transactions involving a person who was arrested with Howard, by allowing the State to cross-examine Howard about a prior conviction even though his character had not been placed in issue, and by allowing the State to impeach him with testimony about the prior conviction rather than an exemplified or certified copy of the conviction. *Held*:

1. Howard first alleges that the trial court abused its discretion by denying his motion in limine seeking to exclude evidence concerning drug transactions in which the person arrested with Howard sold cocaine to undercover officers. Although this evidence showed the other person sold the cocaine to the undercover officers on these occasions, the transcript also contains evidence showing Howard's personal involvement in these transactions, e.g., Howard's beeper was used to contact the other person and Howard drove the other person to the drug sales. Therefore, consideration of Howard's involvement with the other party was warranted (OCGA § 24-2-2); the testimony was relevant to show his participation in the distribution of the cocaine. Additionally, the circumstances connected with Howard's arrest were admissible as part of the res gestae. *Crowe v. State*, 193 Ga. App. 385 (388 SE2d 24). Admission of evidence rests within the sound discretion of the trial court which appellate courts will not disturb absent evidence of its abuse. *Whisnant v. State*, 178 Ga. App. 742, 743 (344 SE2d 536). Therefore, as we find no abuse of the trial court's discretion, this enumeration of error is without merit.

2. Howard's other enumerations of error contend the trial court erred by allowing the State to introduce evidence about his guilty plea in another state to possession of heroin with intent to distribute. Howard claims that evidence about his prior conviction violated OCGA § 24-9-20 (b) because he had not placed his character in issue, and he also asserts that allowing his impeachment other than with a certified copy of his prior conviction violated OCGA § 24-9-84.

Howard's arguments, however, confuse impeachment and character evidence. "There are a number of circumstances in which it has been stated that the defendant has placed his 'character in issue'

when something entirely different has occurred. . . . Where the defendant testifies in his own behalf and ' "falsely denies past criminal conduct [or past misdeeds,] the State may introduce evidence reflecting negatively on the defendant's character only insofar as that evidence proves the falsity of *specific testimony* of the defendant." ' [Cit.] In this circumstance the defendant has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b). Rather, we recognize this as a situation where the state is permitted to rebut statements of a defendant who testifies at trial by disproving the facts testified to." *Jones v. State*, 257 Ga. 753, 759 (363 SE2d 529). See *Williams v. State*, 257 Ga. 761, 762-763 (363 SE2d 535). Therefore, proof of Howard's prior conviction was permissible to disprove Howard's specific testimony that he had never been in the drug business. *Sanders v. State*, 199 Ga. App. 671, 673 (405 SE2d 727).

Howard also claims that the trial court erred by allowing the State to cross-examine him about his prior conviction because the State could only show his prior conviction with the certified or exemplified record of the conviction. While acknowledging that impeachment by a prior conviction requires proof by the record of the conviction and not by cross-examination (*O'Toole v. State*, 258 Ga. 614, 616 (373 SE2d 12); *Ledesma v. State*, 251 Ga. 885, 888 (311 SE2d 427)), the State asserts that Howard cannot raise this issue on appeal because he failed to object below. As the record shows that Howard objected on other grounds, but not on this specific ground, we cannot consider this issue for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698); *Cooper v. State*, 173 Ga. App. 254, 256 (325 SE2d 877). Further, "[t]he 'best evidence' rule may be waived. Thus, if the witness is asked about a prior conviction and no objection is raised, the conviction may be proved by the testimony of the convicted witness." *O'Toole v. State*, supra at 616, n. 2. As the transcript shows that Howard did not object to proof of his prior conviction by his testimony, any "best evidence rule" objection to this testimony was waived.

Accordingly, these enumerations of error are also without merit. *Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 5, 1992 —
RECONSIDERATION DENIED DECEMBER 4, 1992.

*Daniel L. Dean & Associates, Daniel L. Dean, James D. Nichols, Jr.*, for appellant.

*Robert E. Wilson, District Attorney, Gregory A. Adams, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.