A96A2357. ALLEN v. THE STATE.
(480 SE2d 328)

Judge Harold R. Banke.

Clarence Allen, a former deputy sheriff, was convicted of burglary. The burglary was committed by three men who then torched the victims' home, which burned to the ground. Allen was indicted and convicted only as a party to the burglary. On appeal, he enumerates five errors.

The evidence, viewed in the light most favorable to the verdict, reveals the following. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). After the fire, investigators found no evidence that the victims' televisions, video cassette recorders ("VCRs"), or firearms had been incinerated. The victims had stored the firearms, which included a matched pair of .22 caliber Colt derringers in a box, in a steel wall safe in a bedroom. Over a year after the fire, the sheriff's department obtained a VCR, a German Luger, a

Bill Blass watch case, and a spotting scope which the victims identified as theirs.

Allen had learned about the isolated house, its contents, its owners, and the location of the victims' safes while conducting a burglary investigation several years before the fire. In preparation for the offense at issue, he targeted the house for two of his co-defendants, drove them there, and informed them of the victims' wealth and frequent absences. Allen also gave them a sheriff department's check sheet showing the businesses deputies were required to check on their rounds. The check sheet contained a code which enabled those using a scanner to monitor police communications to determine the location of each patrol car on duty.

After the crime, Allen received a matched pair of derringers in a wooden case obtained in the burglary. One of Allen's co-workers testified that he lent Allen some money and Allen used a matched pair of .22 caliber Colt derringers in a case as collateral. An auxiliary deputy corroborated this transaction. *Held*:

1. The trial court did not abuse its discretion in denying Allen's motion in limine to exclude evidence of the arson. *Howard v. State*, 206 Ga. App. 610 (1) (426 SE2d 181) (1992). The evidence was admissible as part of the res gestae. See *Molisani v. State*, 142 Ga. App. 234, 235 (1) (235 SE2d 658) (1977); see also *Andrews v. State*, 249 Ga. 223, 225-226 (290 SE2d 71) (1982) (defining res gestae).

2. Allen correctly asserts that the State improperly mentioned in opening argument Allen's son's burglary conviction arising from the same transaction. *Dorminy v. State*, 178 Ga. App. 653, 654-655 (344 SE2d 475) (1986). The record shows, however, that Allen waived this argument by failing to renew the objection following the denial of his motion for mistrial and the administration of curative instructions. *Tidwell v. State*, 219 Ga. App. 233, 237 (4) (464 SE2d 834) (1995).

Allen also waived his claim that the State improperly argued that Allen was a party to the crime. The record shows Allen objected to this argument and the court sua sponte instructed the jury that neither opening statement nor the indictment was evidence, but did not rule on the objection. The failure to obtain a ruling on the objection resulted in its waiver as did Allen's failure to renew his objection following the instruction. *Ewald v. State*, 156 Ga. App. 68, 69 (3) (274 SE2d 31) (1980); see *Tidwell*, 219 Ga. App. at 237 (4).

3. The evidence was sufficient to establish that Allen was a party to the crime of burglary, notwithstanding Allen's argument that much of his co-defendants' testimony conflicted. Although the co-defendants each tried to appear less culpable than the other and in so doing disagreed on many points, their testimony with regard to Allen's aid to them was sufficiently corroborative to establish that Allen was a party to the burglary. OCGA § 16-2-20; compare *Bullard*

*v. State*, 263 Ga. 682, 685 (1) (436 SE2d 647) (1993); see *Allen v. State*, 222 Ga. App. 492 (474 SE2d 698) (1996). For example, they both agreed that Allen asked them if they wanted to make some money, informed them about the house and the wealth of its frequently absent owners, and provided the sheriff department's check sheet. Moreover, Allen's co-worker's testimony about Allen using the .22 caliber Colt derringers as collateral provided sufficient corroborative evidence to support the verdict. *Swinney v. State*, 217 Ga. App. 657, 658-659 (1) (458 SE2d 686) (1995).

4. We reject Allen's contention that the trial court erred by permitting the State to question him about his illegitimate daughter. Allen placed his character in issue by testifying about his good character. *State v. Braddy*, 254 Ga. 366, 367 (330 SE2d 338) (1985). Thus, the trial court did not abuse its discretion in rejecting Allen's relevance objection and permitting limited questioning on this issue. *Fancher v. State*, 190 Ga. App. 438, 439 (1) (378 SE2d 923) (1989).

5. Allen waived his argument, asserted for the first time on appeal, that the trial court committed reversible error by permitting two bad character witnesses to testify in rebuttal without requiring the proper foundation. *Harrison v. State*, 213 Ga. App. 366, 367 (1) (444 SE2d 613) (1994) (objections not raised at trial are waived). At trial, Allen challenged only the relevance of this testimony and the propriety of allowing bad character witnesses when he offered no good character witnesses other than himself.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 22, 1997.

*Edwards & Edwards, H. B. Edwards III*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.