A99A0368. MULKEY v. THE STATE.
(517 SE2d 362)

Judge Harold R. Banke.

Glover Mulkey was convicted of driving under the influence, misdemeanor obstruction of an officer (three counts), and false swearing. He contends the court erred in failing to grant a mistrial when the prosecutor put his character in evidence during the opening statement.

The indictment accused Mulkey of swearing falsely to a magistrate judge that a man named Harris intentionally struck Mulkey in the chest with his fist on May 24, 1997. In his opening statement the prosecutor told the jury he expected to show that Mulkey swore out a warrant for Harris' arrest five months after the alleged incident, and that Mulkey said the reason he waited to take action was that he only got mad at Harris when Harris caused him to get sent to jail for fifty-four days by calling Mulkey's probation officer. Mulkey immediately moved for a mistrial on the grounds that the prosecutor improperly brought his character in issue by mentioning the probation. The court denied the motion. *Held*:

The State argues the statement tends to show Mulkey's motive for swearing falsely and that therefore it is admissible as part of the proof of the crime charged. A person commits the crime of false swearing when he knowingly and wilfully makes a false statement under oath. OCGA § 16-10-71 (a).

"Generally, motive is not an essential element of any crime unless made so by statute," *Pope v. State*, 140 Ga. App. 643, 647 (4) (231 SE2d 549) (1976), and motive is not an element of false swearing. See OCGA § 16-10-71 (a). But where evidence of motive is rele-

vant to an issue in the case, it is not rendered inadmissible merely by the fact that it incidentally places the defendant's character in issue. *Chesser v. State*, 228 Ga. App. 164, 165 (1) (b) (491 SE2d 213) (1997). Accord *Hayes v. State*, 265 Ga. 1, 3 (4) (453 SE2d 11) (1995); *Johnson v. State*, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990). And, "[a] prosecuting attorney in an opening statement may state what he expects in good faith the evidence will show during trial of the case." *Ross v. State*, 233 Ga. App. 26, 27 (1) (503 SE2d 308) (1998).

The statement is relevant here because it suggests Mulkey had a motive for fabricating criminal charges in order to get revenge on Harris for calling his probation officer. See, e.g., *Klinect v. State*, 269 Ga. 570, 574 (7) (501 SE2d 810) (1998) (testimony that defendant had been arrested on a marijuana charge before the murder was relevant to motive to kill in revenge for being turned in on drug charges); *Stevenson v. State*, 234 Ga. App. 103, 105 (2) (506 SE2d 226) (1998) (defendant's statement that he had a bad record was relevant to lack of intent to harm officers).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 4, 1999.

*Richard Thurman*, for appellant.

*Roger Queen, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney*, for appellee.