## A06A0204. WALKER v. THE STATE.
### (634 SE2d 93)

SMITH, Presiding Judge.

A jury found Nathan Walker guilty on two counts of armed robbery and two counts of possession of a firearm during the commission of a crime. Walker appeals, asserting several errors and also enumerating the general grounds. Finding no error, we affirm.

1. Walker first argues that the court erred in denying his motion for a directed verdict of acquittal on all counts.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

---

(Citations omitted.) *Sullivan v. State*, 277 Ga. App. 738-739 (627 SE2d 437) (2006); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in the light most favorable to the jury's verdict, the evidence showed that on August 26, 2003, a Payless shoe store was robbed by two men. One of the men took a store employee to the back of the store at gunpoint where he instructed her to get money from a safe, while the second man kept another employee occupied. Once they had the money, the robbers led the store employees to a bathroom before fleeing in a white Chevrolet Cavalier. One of the store employees identified Walker in a lineup as the gunman and the driver of the Cavalier. She also positively identified the vehicle from photographs presented at trial. Neither of the victims, however, could identify Walker at trial.

On August 28, 2003, two days after the Payless robbery, a Papa John's pizza restaurant was robbed by two men. One of the men wore a ski mask and the other a bandanna over his face. The second man forced the manager of the store to a safe at gunpoint. The man wearing the ski mask took cash from the safe and cash drawer. A pizza delivery employee saw the two men rob the restaurant and then flee in a white Chevrolet Cavalier.

The restaurant manager identified Walker in a photo lineup as the robber wearing the mask but could not identify Walker in court. The pizza delivery employee could not identify Walker in either a lineup or in court but identified the Chevrolet Cavalier from photographs presented at trial.

On the same day, Walker's girlfriend, Charlotte Lee, had a friend call police to report that Lee's white Chevrolet Cavalier had been stolen. But the friend admitted at trial that the vehicle had not been stolen, and a witness saw Lee driving the vehicle two days after it had been reported stolen. Lee herself told police that the vehicle had been stolen two days after the initial report. Lee's Cavalier was also used in the robbery of an Einstein Bros. bagel restaurant on August 30.[1] Police obtained Lee's cell phone records and discovered that she made several calls to a phone registered to Marlon Robertson,[2] who resided at 2981 Riders Trail. Police also found a pattern of calls from Lee's phone to Robertson's phone during the time of the pizza restaurant and bagel store robberies.

---

[1] Walker was not charged with this robbery.

[2] Variations of this name arose during the trial. The parties stipulated to the fact that Walker used the name Marlon Robinson when he was arrested, but the names Marlon Robertson and Mr. Roberson were used throughout. The name Marlin Robinson also was used in the stipulations. Apparently a Marlin Robinson had been arrested with Walker in the past.

Two months later, an officer stopped a white Chevrolet Cavalier. The driver did not have a license but gave the name Marlon Robinson. The driver was arrested and officers later discovered that the driver was actually Nathan Walker and that he had also resided at 2981 Riders Trail.

Walker was charged with two counts of armed robbery and two counts of possession of a firearm during the commission of a felony in connection with the shoe store and pizza restaurant robberies. Lee was also charged with both robberies, and pled guilty to a charge of making false statements. Lee and Walker were tried jointly, and the jury found them guilty on all counts.[3]

Walker argues that the evidence is insufficient here because none of the witnesses could identify him at trial. He argues further that a directed verdict was appropriate because the shoe store witness, who identified him in a lineup, stated at trial that she was 50 percent certain of her identification, and the pizza restaurant manager stated at trial that he was 80-85 percent certain of his identification of Walker from the lineup. The fact that two witnesses stated that they were less than 100 percent certain of their identification of Walker does not render the evidence against Walker insufficient. *Lemons v. State*, 270 Ga. App. 743, 747 (1) (608 SE2d 15) (2004). The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of fact.

> [T]hat some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict.

(Citations omitted.) Id.; see *Johnson v. State*, 176 Ga. App. 378, 380 (4) (336 SE2d 257) (1985) (inability of witness to make a positive identification at trial goes to weight of evidence and credibility of witness, which are questions for jury).

Here, a witness identified Walker as one of the robbers of a Payless shoe store, and a second witness identified Walker as one of the robbers of a Papa John's pizza restaurant. Walker's girlfriend's

---

[3] Eric Johnson was also charged with armed robbery and possession of a firearm during the commission of a crime in connection with the shoe store robbery, but the trial court granted his motion for severance.

vehicle was used as the getaway car in both robberies. The evidence also showed that Lee called a phone registered to Marlon Robertson during the time of each robbery, a name that Walker used when he was arrested. Based on this evidence, we conclude that a rational trier of fact could have found Walker guilty beyond a reasonable doubt on both counts of armed robbery and both counts of possession of a firearm during the commission of a crime. See generally OCGA §§ 16-8-41 (a) and 16-7-20 (a); see also *Jackson,* supra.

2. Walker contends that he was denied due process because his conviction was obtained by false testimony. The parties stipulated that Walker gave the name Marlon *Robinson* when he was arrested. During trial, however, an officer stated that Walker gave the name Marlon *Robertson.* Walker argues that he was harmed because the officer "testified to a 'fact' that was completely false," and that "this falsehood conveniently fit the State's theory that [Walker] was using both 'Marlon Robinson' and 'Marlon Robertson' as aliases." But "[g]reat latitude is allowed in the spelling and pronunciation of proper names, and in all legal proceedings, whether civil or criminal, if two names, as commonly pronounced in the English language, are sounded alike, a variance in their spelling is immaterial." (Citation and punctuation omitted.) *Wilson v. State,* 223 Ga. 531, 535 (5) (156 SE2d 446) (1967). The names Robertson and Robinson sound sufficiently similar so that we hold that the officer's testimony in this case did not result in harm to Walker. See id.

3. Walker contends that the trial court erred in admitting evidence of an April 2002 armed robbery as a similar transaction. He argues that it was not sufficiently similar to the robberies for which he was being tried.

> Before evidence of a similar transaction or occurrence may be admitted, an independent hearing must be held at which the State must make three affirmative showings: (1) that the evidence is not brought forth to raise an improper inference as to character, but rather for an appropriate purpose deemed an exception to the general rule prohibiting this type of evidence; (2) that there is sufficient evidence that the accused committed the independent act; and (3) that there is a sufficient connection or similarity between the independent act and the crime charged so that proof of the former tends to prove the latter.

(Citation and footnote omitted.) *Guyton v. State,* 272 Ga. 529, 531 (3) (531 SE2d 94) (2000).

Here, the trial court held a hearing and admitted evidence of the 2002 armed robbery. The evidence presented at the hearing showed

that Walker and an accomplice forced their way into a home and, while wielding a gun, bound the two victims inside with duct tape. Walker and his cohort ransacked the house taking, among other things, electronic equipment, shoes, and a victim's vehicle. Both victims knew Walker and one identified him at trial as one of the robbers. The trial court admitted this evidence only for the limited purpose of showing intent, knowledge, or state of mind, and instructed the jury accordingly.

Walker argues only that the 2002 armed robbery was not sufficiently similar to the 2003 robberies. This argument is unavailing. "A crime does not have to be identical to the crime charged to be admissible as a similar transaction." (Citation and footnote omitted.) *Jordan v. State*, 278 Ga. App. 126, 131 (4) (628 SE2d 221) (2006). And

> [w]hen similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity. Similar transaction evidence can be introduced to prove motive or bent of mind when there exists some logical connection between the similar transaction evidence and the charged offense so that the similar transaction evidence tends to establish the charged offense.

(Citation and footnote omitted.) Id. The evidence that Walker, with an accomplice, took items at gunpoint from the victims established a logical connection between the similar transaction and the charged offenses. See id. at 130-132 (taking child's bike at gunpoint was sufficiently similar to forcing entry into home and robbing victims by gunpoint). "While there are obvious differences between the two offenses, the proper focus is on the similarity, not the differences, between them." (Citation and footnote omitted.) Id. at 132 (4). The trial court did not abuse its discretion in admitting evidence of the similar transaction.

4. Walker argues that the trial court erred in overruling his objection to the admission of telephone records showing calls from Lee to Walker. The testimony, however, shows that Lee made those calls to Marlon Robertson's phone. He contends that although the evidence was admissible against Lee, it tended to implicate him in the Einstein Bros. store robbery, for which he was not charged. The trial court gave a limiting instruction to the jury, however, stating that the evidence was being admitted only against Lee. And at Walker's request, the trial court further charged that the evidence "does not apply to the co-defendant, Mr. Walker." We therefore see no error here. See, e.g., *Story v. State*, 194 Ga. App. 187-188 (1) (390 SE2d 96)

(1990). Moreover, Walker did not object when the State suggested during closing argument that Lee was actually talking to Walker during the phone conversations.

5. Walker complains that the trial court erred in its instruction to the jury on eyewitness identification. He argues that the "level of certainty" portion of the jury charge given by the trial court was disapproved in *Brodes v. State*, 279 Ga. 435, 442 (614 SE2d 766) (2005). But Walker requested the charge given and has therefore waived any challenge to the use of the instruction. *Best v. State*, 279 Ga. App. 309, 311 (4) (630 SE2d 900) (2006); *Morton v. State*, 276 Ga. App. 421, 423-424 (3) (623 SE2d 239) (2005).

6. Finally, Walker contends that he was denied effective assistance of counsel on two grounds. To prove ineffective assistance, Walker must show both that his trial counsel's performance was deficient and that the deficient performance so prejudiced him as to deprive him of a fair trial. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

(a) Walker contends that trial counsel was ineffective for failing to present an alibi defense. The decision whether to present an alibi defense is a strategic and tactical decision that, after thorough investigation and client consultation, is virtually unchallengeable and does not require a finding of ineffective assistance of counsel. *Gunsby v. State*, 248 Ga. App. 18, 22 (4) (545 SE2d 56) (2001).

At the hearing on Walker's motion for new trial, Walker's sister testified that she presented trial counsel with information establishing an alibi for Walker during the August 26 shoe store robbery. She stated that Walker was with her at her ex-boyfriend's home during that time. Trial counsel testified that Walker's sister told him that she and Walker vandalized her ex-boyfriend's vehicle on the evening of August 26. He testified further that he was unable to locate a police report that would have given the date of the vandalism and was unable to otherwise corroborate that it occurred on the date of the shoe store robbery. He also expressed concern that the sister came forward with this information one week before trial even though Walker's case had been pending for a year; he stated that he thought the jury would believe that the sister was lying for Walker. We cannot say that trial counsel was ineffective for failing to call a witness he believed was not credible. See *Fortson v. State*, 280 Ga. 435, 437 (2) (b) (629 SE2d 798) (2006) (where witness not credible and production of witness would be counter-productive, trial counsel's decision not to call witness is strategic).

Trial counsel also stated that he did not call Walker's sister as a witness in order to preserve the right to final closing argument. This court has held that "declining to present evidence to preserve the final word in closing argument is a well-recognized trial tactic." (Citations

and footnote omitted.) *Leonard v. State*, 268 Ga. App. 745, 748 (2) (603 SE2d 82) (2004); see *Frazier v. State*, 261 Ga. App. 508, 510 (3) (b) (583 SE2d 188) (2003). Walker has not shown that trial counsel's performance was deficient, and his claim of ineffective assistance on this ground fails.

(b) Walker also contends that trial counsel was ineffective for failing to object to the State's reference to Marlon *Robertson* during closing argument. "[I]t is well settled that an attorney's failure to assert a futile objection provides no basis for a claim of ineffective assistance of counsel." (Citation omitted.) *Kidd v. State*, 277 Ga. App. 29, 34 (3) (625 SE2d 440) (2005). As we have held in Division 2, variances in the pronunciation and spelling of proper names are immaterial, so an objection to the State's use of the name Marlon *Robertson* would have been meritless. See *Cole v. State*, 279 Ga. App. 219, 225 (8) (b) (630 SE2d 817) (2006).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED JUNE 20, 2006 —
RECONSIDERATION DENIED JULY 13, 2006 — 

*Charles H. Frier*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.